IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| vs.           ) | Case No. 13–cv–0787–MJR |
| ) | |
| UNKNOWN PARTIES           ) | |
| ) | |
| Defendants.           ) | |
| ) | |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Michael Widmer has sued multiple unknown state actors at Menard Correctional Center, alleging that his mail has been continually obstructed. The Court construed Plaintiff's Complaint as containing a Motion for a Temporary Restraining Order, and referred this matter pursuant to 28 U.S.C. 636(b)(1)(B) to the undersigned for an evidentiary hearing in Plaintiff's companion case, No. 13-663. (No. 13-cv-663-MJR-SCW, Doc. 3). The undersigned construed this mandate to apply to the present case, and an evidentiary hearing was held on October 9, 2013.

As an initial matter, when No. 13-663 was originally referred to the undersigned for a hearing on the Motion for a Temporary Restraining order it had not yet undergone threshold review pursuant to 1915A. However, due to scheduling conflicts, threshold review was completed prior the hearing on the TRO. At threshold, the Court split Plaintiff's Complaint into two cases. (No. 13-cv-663-MJR-SCW, Doc. 20). While most of Plaintiff's claims remain associated with the original case, Plaintiff's Complaints about his mail were severed into the present matter. (No. 13-cv-663-MJR-SCW, Doc. 20). The undersigned construed his mandate as applying to both cases because of the

1

order directing him, in part, to hold a TRO hearing on Plaintiff's mail-related claims.  The undersigned heard evidence related to Plaintiff's mail claims at the September 27, 2013 hearing in No. 13-663, however, there was insufficient evidence presented for the undersigned to make a recommendation.  Therefore, the undersigned continued the hearing until October 9, 2013 in order to take evidence from officers Warhausen, Hepp, and Shields.

Plaintiff asks the court "for injunctive relief to enjoin the defendants from continuing their course of conduct . . . of denying my religious diet, denying me medical treatment and willfully injuring me as described in the aforesaid complaint." (No. 13-cv-663-MJR-SCW, Doc. 1, p. 6).  His Amended Complaint uses slightly different language and asks the Court to "enjoin defendants John or Jane Doe, Harrison, Sulter, Jones and Childers from distructing (sic) or interfering with my incoming and outgoing US Mail and legal mail."  (Doc. 2, p. 13).

The Federal Rules allow issuance of a TRO only if specific facts in an affidavit or verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. **Fed. R. Civ. P. 65(b)(1).**  The standard for a TRO is the same as the standard for a preliminary injunction. ***Crue v. Aiken*, 137 F.Supp.2d 1076, 1083 (C.D. Ill. 2001); *U.S. United Barge Lines LLC v. Vaughn*, No. 10-cv-382-JPG, 2010 WL 2162640, at \*1 (S.D. Ill. May 24, 2010).**

The purpose of a preliminary injunction is to preserve the status quo until the merits of a case may be resolved. ***Indiana Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).  Accord *Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").**  A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." ***Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Accord *Winter v. Natural Res.***

2

*Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"); *Girl Scouts of Manitou Cnty., Inc. v. Girl Scouts of USA, Inc.,* 549 F.3d 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it") (internal quotation marks omitted).

To secure a preliminary injunction, a movant must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without the injunction, (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and (4) the injunction is in the public interest. *Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter,* 555 U.S. at 20). The considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Judge,* 612 F.3d at 546.

Here, Plaintiff does not carry his burden of persuasion. Plaintiff testified in support of his position at the September 26, 2013 hearing. Plaintiff testified that his legal mail is constantly interfered with. He also testified that the receipts indicate mail was delivered, but not that it was delivered unopened. Sarah Dillman, the mail room supervisor also testified at the September 26, 2013 hearing. She testified that incoming mail needs to be marked legal privileged or confidential so that the mail room knows not to open it. She further testified that the fact that the sender is an attorney or a clerk of a court would not be sufficient for the mail room to mark the mail as legal; it has to also be marked privileged or confidential. Dillman also testified that she was less familiar with the officer's procedures when they actually delivered the mail because she did not participate in that part of the process.

Plaintiff indicated at the previous hearing that the Officers Warhausen and Hepp would testify that they delivered marked legal mail to Plaintiff already opened, instead of opening it

in his presence. Officer Warhausen, who delivered Plaintiff's mail more frequently that the other witnesses, testified at the October 9, 2013 hearing that he did not recall ever delivering open legal mail to Plaintiff, and if he did so, the mail had probably borne a red stamp indicating that it had been opened in error. He also testified that while he was familiar with mail procedures, he had not been assigned to the mail room. Officer Hepp testified that she had also delivered Plaintiff's mail on some occasions, but did not recall specifically doing so, or ever delivering opened legal mail that was not already stamped. Officer Shields testified that he was not familiar with mail procedures, but that he may have delivered mail to Plaintiff from time to time. He did not recall ever finding legal mail in Plaintiff's regular mail bag. Mailroom supervisor Sarah Dillman had testified in the September 27, 2013 hearing about the procedures the mailroom uses to identify legal mail. Officer Warhausen's testimony contradicted this somewhat, but Dillman clearly has the authority to set her own policies, and Warhausen testified that he did not recall ever being assigned to the mailroom, although he conceded that it was possible that he could be assigned there. The Court finds that this testimony does not conclusively establish that Defendants are systematically opening or interfering with Plaintiff's mail. Therefore, Plaintiff has not carried his burden of persuasion to convince the Court that he will be successful on the merits of this case.

The undersigned recommends that the District Court **DENY** Plaintiff's Motion for a temporary restraining order. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, e.g., Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004). <u>Objections to this Report and Recommendation must be filed on or before November 4, 2013</u>. See Fed. R. Civ. P. 6(d); SDIL-LR 5.1(c).**

**IT IS SO RECOMMENDED.**

**DATE: <u>October 18, 2013</u>**                             <u>**/s/** *Stephen C. Williams*</u>
                                                                                        **STEPHEN C. WILLIAMS**
                                                                                        United States District Judge