IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-0787-MJR-SCW |
| | ) |
| UNKNOWN PARTY (Mailroom Defendant), | ) |
| LT. LAWLESS, | ) |
| SARA DILLMAN, | ) |
| JOHN DOES 1, 2, 3, | ) |
| and J. KEMPFER, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

In July 2013, Michael Widmer (Plaintiff), an inmate at Menard Correctional Center, filed a civil rights suit in this Court pursuant to 42 U.S.C. 1983 (Case No. 13-cv-0663-MJR-SCW). On threshold merits review under 28 U.S.C. 1915A, the undersigned Judge (a) construed the complaint as containing a motion for temporary restraining order (TRO), (b) referred that motion to United States Magistrate Judge Stephen C. Williams for hearing and recommendation, (c) and severed certain claims contained in the complaint (designated as Count 3, alleging that mailroom employees repeatedly opened Plaintiff's legal mail), into a separate action via *George v. Smith,* 507 F.3d 605 (7th Cir. 2007)(holding that unrelated claims against different defendants belong in different lawsuits).

On October 3, 2013, the undersigned District Judge directed Plaintiff to file a first amended complaint in this new, severed action, identifying the individuals directly responsible for the alleged unconstitutional interference with Plaintiff's legal mail. Plaintiff filed an amended complaint on November 7, 2013. In the meantime, Magistrate Judge Williams held an evidentiary hearing on October 9, 2013 on Plaintiff's motion for TRO. That same day, Plaintiff filed a document entitled

"Part 2 of Motion for Temporary Restraining Order" (Doc. 15) and a motion for recruitment of counsel (Doc. 16).

Now before the Court is Judge Williams's Report and Recommendation (R&R), issued October 18, 2013 (Doc. 17). The R&R contains detailed findings and discussion, concluding that Plaintiff failed to carry his burden of showing that a TRO is warranted. The R&R recommends that the undersigned **DENY** Plaintiff's motion. The R&R plainly notified the parties that they must file any objections to that recommendation "on or before November 4, 2013" (Doc. 17, p. 4). That deadline has elapsed, and no objections were filed by any party. Nor did any party seek an extension of the objection-filing deadline. (Note: Plaintiff did file a response to a separate R&R in the separate lawsuit, Case No. 13-cv-0663-MJR-SCW, but that was an agreement with, as opposed to an objection to, the R&R. See Doc. 64.)

Accordingly, pursuant to U.S.C. 636(b), the undersigned Judge need not conduct *de novo* review of the Report and Recommendations. **28 U.S.C. 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn,* 474 U.S. 140 (1985); *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 741 (7th Cir. 1999); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986). The Court hereby **ADOPTS** the R&R (Doc. 17) in its entirety. The Court **DENIES** Plaintiff's request for a Temporary Restraining Order. Remaining pending at this time are the motions at Docs. 15 and 16.

IT IS SO ORDERED.

DATED November 8, 2013.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge